UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHARLES B TIDWELL, JR, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Cause No. 3:14-cv-210 RLM |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Charles B Tidwell, Jr. brought this action for judicial review after the Commissioner of Social Security denied his application for disability insurance benefits. The court affirmed the Commissioner's decision and, while the case was pending on appeal, the Commissioner requested remand for further administrative proceedings, at which Mr. Tidwell prevailed and was awarded $74,244 in past-due benefits. Mr. Tidwell has an eligible auxiliary who was also awarded benefits. The court awarded Mr. Tidwell's counsel, Barry A. Schultz, $2,751.56 for the services he provided pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Mr. Schultz's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is now before the court.

---

[1] Nancy A. Berryhill was automatically substituted as the defendant in this case when she replaced Carolyn W. Colvin as the Acting Commissioner of Social Security pursuant to Federal Rule of Civil Procedure 25(d).

An attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 792 (2002). While fees may be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." <u>Gisbrecht v. Barnhart</u>, 535 U.S. at 796.

Mr. Schultz asks the court to authorize attorney fees in the amount of $16,828.50, which represents twenty-five percent of Mr. Tidwell's and his auxiliary's past-due benefits, less the $6,000 he has requested in administrative fees for work performed before the agency. This request is within both the parameters of Section 406(b) and the parties' contingent fee agreement. The government doesn't objected to Mr. Schultz's request.

The court must now decide whether the attorney fees yielded by that agreement are reasonable. <u>Gisbrecht v. Barnhart</u>, 535 U.S. at 807. A court shouldn't override the attorney-client contingent-fee agreement unless the resulting fee would be unreasonable. <u>Id.</u> at 808. A fee may be unreasonable "[i]f the attorney is responsible for delay" that causes an "accumulation of benefits during the pendency of the case in court" or the "the benefits are large in comparison to the amount of time counsel spent on the case." <u>Id.</u>

Nothing in the record suggests that Mr. Schultz caused any delay in the adjudication of Mr. Tidwell's case and while Mr. Schultz and his firm only spent

2

11.3 hours of work on the case, that is evidence of his effectiveness, rather than an indicia of unreasonableness. Mr. Tidwell's application for social security disability benefits was denied by the agency and denied again by an ALJ after an administrative hearing. After this court affirmed the ALJ's decision, Mr. Tidwell appealed this court's decision and retained Mr. Schultz as counsel. While the appeal was pending and before any briefing was filed in the court of appeals, Mr. Schultz engaged in settlement discussions with counsel for the Commissioner and the Commissioner agreed to request remand to the agency, where Mr. Tidwell and his auxiliary were awarded substantial past-due benefits.

Under the terms of their agreement, Mr. Tidwell agreed that Mr. Schultz could elect to petition for up to 25 percent of all past due benefits in the event of a favorable outcome. The proposed fee award is within the bounds of the contingency-fee agreement between Mr. Tidwell and Mr. Schultz and within the range found reasonable by other courts. *See, e.g.,* Quinnin v. Colvin, No. 1:12-CV-01133-SI, 2013 WL 5786988 (D. Or. Oct. 28, 2013) (awarding an attorney fee of $10,050 for 1.5 hours of attorney time and 13.2 hours of paralegal time spent on the case); Kazanjian v. Astrue, No. 09 CIV. 3678 BMC, 2011 WL 2847439 (E.D.N.Y. July 15, 2011) (awarding an attorney fee award of $48,064 for 19.75 hours of work on the case); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) (awarding an attorney fee award of $18,000 for 12.56 hours of attorney work).

Following remand to the agency, the court awarded Mr. Schultz fees in the amount of $2,751.56 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Fee awards may be made under both the EAJA and Section 406(b), but the claimant's attorney must refund the amount of the smaller fee. <u>Gisbrecht v. Barnhart</u>, 535 U.S. at 789. Mr. Schultz acknowledges that Mr. Tidwell is entitled to a refund of the $2,751.56 EAJA award Mr. Schultz received.

Based on the foregoing, the motion for attorney fees pursuant to 42 U.S.C. § 406(b) [Doc. No. 49] is GRANTED, and the court AWARDS fees to plaintiff's attorney Barry A. Schultz in the total amount of $16,828.50 paid directly to Barry A. Schultz of Law Offices of Barry A Schultz PC, 1601 Sherman Ave, Ste 500, Evanston, IL 60201. The Court further ORDERS Attorney Schultz to refund Mr. Tidwell the sum of $2,751.56, which represents the amount of EAJA fees already paid to Mr. Schultz and now credited to Mr. Tidwell.

SO ORDERED.

ENTERED:  June 28, 2018

    /s/Robert L. Miller, Jr.
Judge, United States District Court